RECEIVED
APR 2 3 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY | CIVIL ACTION NO. 06-895 |
| VERSUS | JUDGE DOHERTY |
| E. L. HABETZ BUILDERS, INC., ET AL | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING ON MOTION FOR RECONSIDERATION

Pending before this Court is the Motion for Reconsideration [Doc. 90] filed by third-party defendants William L. Melancon and Melancon & Associates, L.L.C. (hereinafter referred to collectively as "Melancon"). The motion is unopposed. For the following reasons, the Motion for Reconsideration is GRANTED, and Habetz's remaining claims against Melancon are DISMISSED WITH PREJUDICE.

In its Third-Party Complaint, Habetz alleges the following claims against Melancon: (1) a "negligence" claim for Melancon's allegedly incompetent legal work performed in the Eunice Nursing Home and Brown's Drywall matters, which resulted in the Krebs firm's involvement and subsequent legal fees, for which – Habetz argues – USF&G would not be seeking reimbursement from Habetz had Melancon competently performed his function as counsel for Habetz and USFG; (2) an associated claim for "economic losses incurred equal to the claims being advanced by USF&G;" (3) a breach of contract claim for economic losses in the amount of $82,600.00, which Habetz claims it paid Melancon to represent it in the Eunice Nursing Home and Brown's Drywall matters, "of which only portions of said amount were reasonable considering the competency of the work performed;" (4) a claim for "economic losses in the form of attorneys' fees in having to pursue

this claim for indemnity against Melancon;" (5) a claim for "non-pecuniary damages" in an amount to be determined at trial, "which are general damages as a result of the ordeal;" and (6) a claim for "economic damages in the form of lost business opportunity," in that, due to the continued difficulty in the defense of the claims, USF&G refused to honor its commitment to provide Habetz with bonding services, which resulted in a five-month period in which Habetz was without bonding services and was unable to bid on jobs.

Melancon moved for summary judgment in its favor on all claims raised in Habetz's third-party demand, without specifically identifying what those claims were. In its Memorandum Ruling and Order dated March 28, 2008, this Court granted summary judgment in Melancon's favor on three of the claims – the "negligence" claim for Melancon's allegedly incompetent legal work performed in the Eunice Nursing Home and Brown's Drywall matters, the associated claim for "economic losses incurred equal to the claims being advanced by USF&G," and the "breach of contract" claim for economic losses in the amount of $82,600.00, which Habetz claims it paid Melancon to represent it in the Eunice Nursing Home and Brown's Drywall matters.[1]

With respect to the remaining claims for damages – which this Court noted were not pled with sufficient particularity for this Court to be certain the remaining claims existed separate and apart from the claims for legal malpractice – the Court noted Melancon failed to present any argument or basis for dismissal in its motion for summary judgment. Consequently, this Court noted it could not grant the requested relief on these claims, and Melancon's motion for summary judgment seeking dismissal of these claims was DENIED. The Court further noted, however, it had "concern" whether Habetz could prevail on the remaining claims given the Court's ruling.

---

[1] As set forth in this Court's March 28, 2008 Memorandum Ruling, the breach of contract claim was deemed a claim for legal malpractice, sounding in tort, and was analyzed as such.

In the instant Motion for Reconsideration, Melancon argues the remaining claims should be dismissed, inasmuch as these claims simply represent "items of damages associated with the malpractice claims that have already been dismissed." Melancon argues the alleged damages "flow directly from the legal malpractice claims and are not independent of those claims in any fashion."

Habetz does not oppose the motion. Furthermore, this Court notes Habetz has not filed an Outline of Claims as ordered by this Court on April 2, 2008, setting forth the claims Habetz wishes to pursue in this matter. Finally, the Court notes it appears the remaining claims for damages are, in fact, incidental to the claims for legal malpractice, but were not subject to *sua sponte* dismissal in the March 28, 2008 Memorandum Ruling given the lack of argument and/or support argued by Melancon for dismissal of the claims.

Considering the foregoing, the Motion for Reconsideration -- appearing to be well-founded in law and fact and being unopposed by the plaintiff, and for the reasons stated in the Court's previous Memorandum Ruling, dismissing Habetz's legal malpractice claims against Melancon [Doc. 87] -- is hereby GRANTED. Habetz's claim for "economic losses in the form of attorneys' fees in having to pursue this claim for indemnity against Melancon; its claim for "non-pecuniary damages" in an amount to be determined at trial, "which are general damages as a result of the ordeal;" and its claim for "economic damages in the form of lost business opportunity" are DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___ day of April, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

-3-